IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:23-CT-3134-M

| | | |
|---|---|---|
| MARK ERIC ICKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DR. MICHAEL NWUDE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on defendants' motion to dismiss or, in the alternative, for summary judgment [D.E. 20]. Plaintiff did not respond. Also before the court is plaintiff's motion to amend [D.E. 29]. For the reasons discussed below, defendants' motion is granted.

PROCEDURAL HISTORY

On April 28, 2023, plaintiff, a federal inmate filed the instant action pursuant Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), alleging defendants violated his Eighth Amendment rights under the United States Constitution by being deliberately indifferent to his serious medical needs. (Compl [D.E. 1] at 7-9). On March 28, 2024, the court conducted a frivolity review of the complaint and allowed the action to proceed as to plaintiff's claims against defendants Dr. Michael Nwude ("Nwude"), Alisha Dowrich ("Dowrich"), Keri Tost ("Tost"), William Holzapfel, Jr. ("Holzapfel"), Caleb Meyer ("Meyer"), and Eugene Craig ("Craig").

On July 3, 2024, defendants filed the instant motion for summary judgment. In support, defendants filed a memorandum in support, statement of material facts, and appendix of exhibits consisting of the following: (1) declaration of Kelly Forbes, a paralegal specialist at the Federal

Correctional Complex in Butner, North Carolina; (2) Federal Bureau of Prisons administrative records; (3) declarations of defendants Tost, Meyer, Holzapfel, Craig, Dowrich, and Nwude; and (4) plaintiff's medical records. That same say, pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975), the court notified plaintiff about the motion for summary judgment, the consequences of failing to respond, and the response deadline.

On July 19, 2024, plaintiff filed a motion for extension of time to respond to the motion because he had not received all of the documents related to defendants' motion. On July 31, 2024, defendants were directed to reserve plaintiff with the documents and file a certificate of service within 14 days, and plaintiff was directed to respond within 21 days of receiving the documents. On September 4, 2024, plaintiff filed a motion to amend the complaint and a motion for extension of time to respond to defendants' motion. The court granted plaintiff's motion for extension of time to respond and extended the response deadline to October 25, 2024. Plaintiff did not thereafter respond.

## DISCUSSION

A.   Legal Standard

Summary judgment is appropriate when, after reviewing the record as a whole, the court determines that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment must initially demonstrate the absence of a genuine issue of material fact or the absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading,

2

Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis and quotation omitted). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007).

B. Analysis

Defendants have satisfied their burden in identifying evidence of record demonstrating the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323; (see also Def. Mem. [D.E. 21] at 8–26; Def. Stmt. [D.E. 22] ¶¶ 1–70). Thus, the burden shifts to plaintiff, and he "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., 475 U.S. at 587. Plaintiff has not responded to defendants' motion for summary judgment, and his complaint is not verified. As noted, plaintiff filed a motion to amend, but it is not verified and does not request further time to respond.[1] Therefore, he has not met his burden, and defendants are entitled to judgment as a matter of law. See Celotex, 477 U.S. at 324; Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) (concluding a verified complaint can defeat a motion for summary judgment).

---

[1] To the extent plaintiff states he cannot file motions in his motion to amend, such an assertion is belied by plaintiff's multiple filings in this case. [See D.E. 1, 2, 8, 15, 25, 29, 30, 31].

3

## CONCLUSION

For the reasons discussed above, the court GRANTS defendants' motion for summary judgment [D.E. 20]. Plaintiff's motion to amend [D.E. 29] is DENIED AS MOOT. The clerk is DIRECTED to close this case.

SO ORDERED, this the 28th day of March, 2025.

*Richard E Myers II*
RICHARD E. MYERS, II
Chief United States District Judge

4

Case 5:23-ct-03134-M-RJ    Document 34    Filed 03/28/25    Page 4 of 4